UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL A. HERRERA,                                    :
                    Plaintiff              :
                                   :
          -against-                         :
                                   :      **SUMMARY ORDER**
ALAN NEAL TERNER.,                               :      16-cv-4610 (DLI) (JO)
                                   :
                    Defendant.             :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On August 18, 2016, defendant Alan Neal Terner ("Defendant") filed a notice to remove this action from the Supreme Court for the State of New York, Kings County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## <u>BACKGROUND</u>

On July 12, 2016, plaintiff Miguel A. Herrera ("Plaintiff") commenced this state court action against Defendant, alleging claims relating to a motor vehicle collision that occurred in Brooklyn, New York. *See generally* Compl., Ex. A to Notice, Dkt. Entry No. 1. According to the Notice, Plaintiff commenced the action by filing the summons and complaint (the "Complaint"). Notice at ¶ 1. Plaintiff served the Complaint on Defendant on August 5, 2016. *Id.* at ¶ 2.

Defendant asserts federal subject matter jurisdiction in this case based on diversity pursuant to 28 U.S.C. § 1332 and claims removal is proper under 28 U.S.C. § 1446. *Id.* at ¶ 5. As to the complete diversity requirement, Defendant alleges that Plaintiff is a citizen and resident of New York and Defendant is a citizen and resident of Maryland. *Id.* at ¶¶ 3, 4. Regarding the amount in controversy, Defendant baldly asserts that "[t]he amount in controversy is alleged to be in excess

of $75,000." *Id.* at ¶ 6. Neither the Notice nor the Complaint contains allegations of fact establishing the amount in controversy. Plaintiff has not filed a motion for remand. *See* Docket.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing district courts to remand a case *sua sponte* under two circumstances. First, if the district court remands the case on procedural grounds, it must do so within 30 days of the filing of the notice of removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (citing *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 644 (2d Cir.1993)). Alternatively, *sua sponte* remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction. *Id.* at 133-34 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)). The Court finds that, in this case, remand is proper for lack of subject matter jurisdiction.

*(A) Subject Matter Jurisdiction*

As the removing party, Defendant has the burden of proving that this case exceeds the jurisdictional amount in controversy mandated by 28 U.S.C. § 1332(a). *Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273 (2d Cir.1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* at 273-74.

The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the jurisdictional amount element of diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In order for there to be diversity jurisdiction, the Notice must "allege facts adequate to establish the amount in controversy . . . ." *Santamaria v. Krupa*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) (citing *Lupo*, 28 F.3d at 273). In this case, Defendant cannot meet his burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount.

These inferences do not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. Neither the Complaint nor the Notice provides any information concerning the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses he purportedly suffered. As such, the Court is left to guess at the amount in controversy based on the Complaint's general allegation that Mr. Herrera "sustained a serious injury as defined by Article 51 of the Insurance Law" or "economic loss greater than basic economic loss as defined by Article 51 of the Insurance Law." Compl. ¶ 14. Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Nogeura v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particulariz[ed] or amplifie[d] in any way

the extent of plaintiff's injuries or damages.")  Moreover, under Article 51 of New York Insurance Law, "basic economic loss" means "up to fifty thousand dollars per person."  N.Y. Ins. Law § 5102 (McKinney).  Thus, "economic loss greater than basic economic loss" does not, in and of itself, satisfy the required jurisdictional amount.

Defendant, however, is not without recourse to determine the amount of damages Plaintiff seeks.  Although New York law prohibits the inclusion of an *ad damnum* clause in a complaint in a personal injury action such as this one, the same statute provides that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."  N.Y. C.P.L.R. § 3017(c).  Rather than prematurely removing the action to this Court, Defendant should have availed himself of this law, pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages.  *Nogeura*, 2011 WL 5117598 at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.  Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.")[1]

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendant has failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000.  Defendant therefore fails to meet its burden and the Court lacks subject matter jurisdiction over this case.   Remand to the state court is proper.

---

[1] The removal clock would not begin running against Defendant until he received Plaintiff's response to a request pursuant to N.Y. C.P.L.R. § 3017(c).  *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court,

Kings County, under Index No. 512787/2016.

SO ORDERED

Dated: Brooklyn, New York                         _____/s/_____
        August 30, 2016                                    Dora L. Irizarry
                                                           Chief Judge